UNITED STATES DISTRICT COURT,
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

ROBERT ALLEN LEE, individually and on
behalf of all others similarly situated,

            Plaintiffs,

        -against-

STACY MAKHNEVICH and ASTER
DENTAL, a/k/a CHRYSLER BUILDING
DENTAL ASSOCIATION, a/k/a NORTH
EAST P.C., a/k/a SOUTH EAST DENTAL
SUITE, a/k/a LINCOLN SQUARE DENTAL
ARTS, a/k/a LINCOLN SQUARE DENTAL
ARTS OF MANHATTAN, a/k/a CHRYSLER
DENTAL,

            Defendants.

-----------------------------------------------------------------X

Civil Action No. 11 cv. 8665 (PAC)

**MEMORANDUM OF LAW IN
SUPPORT OF DEFENDANT'S
MOTION TO DISMISS
PLAINTIFFS' COMPLAINT**


**TABLE OF CONTENTS**

I. INTRODUCTION............................................................................................2
II. ARGUMENT.................................................................................................3
    a. The First, Part of the Second, and Seventh Causes of Action Should be Dismissed
    Pursuant to Fed. R. Civ. P. 12(b)(6)..............................................................3
        1. Class Action Certification is Not Appropriate for the First Cause of Action......3
        2. The Causes of Action Based Upon the Copyright Act Should Be Dismissed......6
    b. All Causes of Action Should be Dismissed for Lack of Subject Matter Jurisdiction......8
        1. There is No Actual Case or Controversy for the First, part of the Second, and
        Seventh Causes of Action.........................................................................8
        2. The Second, Third, Fourth, Fifth, and Sixth Causes of Action are Not Ripe....12
        3. The Second, Third, Fourth, Fifth, Sixth, and Eighth Causes of Action Should Be
        Dismissed for Lack of Diversity................................................................13
III. CONCLUSION.............................................................................................19

## I. INTRODUCTION

Lee filed his Complaint on November 29, 2011 (Doc. 1), in which he alleged a class action suit for declaratory and injunctive relief, as well as requested individual declaratory relief and damages. Lee asserts that Defendants, a New York dentist and her practice, require all of their patients to sign a standard contract titled "Mutual Agreement to Maintain Privacy" ("Mutual Agreement"). An example of the Mutual Agreement, signed by Lee, is attached to Lee's Complaint as Exhibit A (Doc. 1-1).

In the Mutual Agreement, Defendants' patients agree to assign Defendants all of the patients' intellectual property rights, including copyrights, in all "commentary for publication about [Defendants]" prepared by the patients, whether "written, pictorial, and/or electronic." Doc. 1-1. The assignment is "effective at the time of creation (prior to publication) of the commentary." Doc. 1-1. Lee uses the term "Patient Comments" as a general, catch-all reference for any and all hypothetical commentary about Defendants created by any of Defendants' patients.

Speaking for himself individually, Lee posted public comments on Internet websites about Defendants ("Lee's Commentary").

Lee seeks a declaratory judgment against Defendants, both on behalf of a purported class action group consisting of all of Defendants' patients who have signed the Mutual Agreement and on his own behalf individually, that the Patient Comments and Lee's Commentary are fair use of copyright. Lee further requests that the Mutual Agreement be declared unlawful and in violation of several New York state laws. For himself individually, Lee also requests monetary damages for breach of contract. Lee's basis for his class action suit is Fed. R. Civ. P. 23(b)(2).

## II. ARGUMENT

### a. The First, Part of the Second, and Seventh Causes of Action Should be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6):

When evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2nd Cir. 2006). Conclusions, however, are not factual allegations and are therefore "not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2nd Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### 1. Class Action Certification is Not Appropriate for the First Cause of Action

The First Cause of Action should be dismissed because the requirements of Fed. R. Civ. P. 23(a) and (b) have not been met, and therefore class certification is inappropriate. "Rule 23 requires that a proposed class action (1) be sufficiently numerous, (2) involve questions of law or fact common to the class, (3) involve class plaintiffs whose claims are typical of those of the class, and (4) involve a class representative or representatives who adequately represent the interests of the class." *Myers v. Hertz Corp.*, 624 F.3d 537, 547 (2nd Cir. 2010). A court "rigorously analyze[s] the conditions of Rule 23(a)." *In re Deutsche Telekom Ag Securities Litigation*, 229 F.Supp.2d 277, 280 (S.D.N.Y. 2002) (citing *Caridad v. Metro-North Commuter R.R.*, 191 F.3d 283, 291 (2d Cir. 1999)). Additionally, a class action suit requires compliance with Fed. R. Civ. P. 23(b)(1), (b)(2), or (b)(3).

Lee has not satisfied Fed. R. Civ. P. 23(a)(2) or (a)(3) for the First Cause of Action.  Fed. R. Civ. P. 23(a)(2), commonality, "is established if the plaintiffs' and class members' grievances share common questions of law or fact." *Deutsche Telekom*, 229 F.Supp.2d at 281.  To begin with, Plaintiffs have the burden of proving that class certification is appropriate. *Smilow v. Sw. Bell Mobile Sys., Inc.,* 323 F.3d 32, 38 (1st Cir.2003). It is also undisputed that a district court "must conduct a rigorous analysis of the prerequisites established by Rule 23 before certifying a class." *Id.* The First Cause of Action pertains to whether the Patient Comments constitute "fair use" under the Copyright Act.  However, "fair use" is a **question of fact** that will necessarily differ based upon the circumstances of each individual Plaintiff.  The Second Circuit "determine[s] fair use on a **case-by-case basis** after consideration of four, non-exclusive, statutorily-defined factors ..." *Arica Institute, Inc. v. Palmer*, 970 F.2d 1067, 1077 (2nd. Cir. 1992) (internal citations omitted) (emphasis added).  As each Plaintiff will have his or her own unique commentary about Defendants, which will have different forms and methods of dissemination (the Mutual Agreement covers *any* "commentary for publication," whether "written, pictorial, and/or electronic"), each Plaintiff's situation will be necessarily different.  For example, one Plaintiff's Patient Comments may be a ten-page text entry on a popular review website, while another Plaintiff's Patient Comments may be comprised of photographs distributed on a flyer.  Thus, each individual Plaintiff's claim of fair use will have to be evaluated independently and individually by the Court.  Therefore, there is no question of fact common to all class-action Plaintiffs, and the requirements of Fed. R. Civ. P. 23(a)(2) are not met.  Similarly, the requirements of Fed. R. Civ. P. 23(a)(3) are not met either.  "Typicality is established when the plaintiff shows that 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Deutsche*

4

*Telekom*, 229 F.Supp.2d at 281. Lee has not demonstrated "typicality" because each Plaintiff's claim arises from his or her own unique course of events, dependent entirely upon each class-action Plaintiff's individual circumstances, unique Patient Comments, and method of use of the Patient Comments. "Fair use" is a fact-specific inquiry, and thus, "typicality" for the First Cause of Action cannot be shown.

Furthermore, Lee has not met Fed. R. Civ. P. 23(b)(2) or (b)(3). "The key to the (b)(2) class is 'the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them.'" *Wal-Mart v Dukes*, 131 S.Ct. at 2541, 2557 (2011). "In other words, Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class. It does not authorize class certification when each individual class member would be entitled to a different injunction or declaratory judgment against the defendant." *Id.* Again, because fair use is a question of fact dependent upon each Plaintiff's individual circumstances, declaratory relief as to the First Cause of Action would necessarily differ for each Plaintiff and no single judgment would provide relief to each of them. Thus, Fed. R. Civ. P. 23(b)(2) is not met. Additionally Rule 23(b)(3), requires a finding that "questions of law or fact common to class members predominate." The court specifically noted that Rule 23(b)(3) imposes a significantly greater burden on plaintiffs, explaining that " 'the predominance criterion is far more demanding' ... than the commonality requirement." *Id.* at 20 (quoting *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 624, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997)). With this "far more demanding" standard in mind, the court then concluded that "a searching inquiry is in order where there are not only disputed basic facts, but also a novel theory of legally cognizable injury." *Id.* at 25. Here, the proposed class involves neither a predominance inquiry

under Rule 23(b)(3), nor a novel or complex theory as to injury. Therefore, Fed. R. Civ. P. 23(b)(3) is not met since Lee has failed to demonstrate the necessary injury to the class, sufficient to satisfy this demanding requirement.

Therefore, the First Cause of Action should be dismissed because class certification for it is inappropriate.

## 2. The Causes of Action Based Upon the Copyright Act Should Be Dismissed

The First, part of the Second, and Seventh Causes of Action – which are based upon the Copyright Act, 17 U.S.C. §§ 101 *et seq.* – should be dismissed pursuant to Fed. R. Civ P. 12(b)(6).   Under 17 U.S.C. § 411(a), "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."   "Section 411(a) of the Copyright Act 'requires copyright holders to register their works before suing for copyright infringement.'" *K-Beech, Inc. v. Does*, Case No. CV 11-3331 (E.D.N.Y. Sept. 19, 2011) (quoting *Reed Elsevier, Inc. v. Muchnick*, 130 S. Ct. 1237, 1241, 176 L. Ed. 2d 18 (2010)).   "While failure to register a work does not deprive a federal court of jurisdiction over an action for infringement, **valid registration is an element of an infringement claim.**"   *Id.* (citing *Reed Elsevier*, 130 S. Ct. at 1237) (emphasis added).

Lee has not alleged that Defendants have registered copyrights for either the Patient Comments or Lee's Commentary.   Because Defendants do not have registered copyrights, they would not be able to sue for copyright infringement under the Copyright Act.   Thus, Lee cannot seek declarations that Plaintiffs are not infringing Defendants' copyrights (either due to fair use or copyright misuse).

Prior to *Reed Elsevier*, the Second Circuit and other federal courts had held that copyright

registration was a jurisdictional requirement, so if there was no copyright registration, a federal court had no subject matter jurisdiction over copyright cases. *See, for example, In re Literary Works in Electronic Databases*, 509 F.3d 116 (2nd Cir. 2007).  However, the Supreme Court in *Reed Elsevier* abrogated that position, instead holding that valid copyright registration was an *element* of a copyright infringement claim and not a jurisdictional issue. *Reed Elsevier*, 130 S. Ct. at 1237.  At the same time, the Supreme Court held: "We ... decline to address whether § 411(a)'s registration requirement is a mandatory precondition to suit that ... district courts may or should enforce *sua sponte* by dismissing copyright infringement claims involving unregistered works." *Id.* at 1249.  Therefore, the rulings of several pre-*Reed Elsevier* courts are still instructive.  For example, the district court in *Specific Software v. Inst. of Workcomp Advisors*, 615 F.Supp.2d 708, 714 (M.D. Tenn. 2009) wrote: "The [*Stuart Weitzman, LLC v. Microcomputer Res. Inc.*, 542 F.3d 859 (11th Cir.2008)] court concluded that, because there had been no registration of the copyrights at issue, the defendant would not be able to maintain a copyright infringement action against the plaintiff. (citation omitted). It followed, the court concluded, that **if the defendant could not maintain a Copyright Act action for infringement, the plaintiff could not assert a Declaratory Judgment Act claim of 'non-infringement'"** (emphasis added).  Even though both the *Specific Software* and *Weitzman* courts held that they lacked subject matter jurisdiction over the cases, their discussions are still relevant for the purposes of determining whether to dismiss a suit seeking a declaration of non-infringement pursuant to Fed. R. Civ. P. 12(b)(6).  Furthermore, courts in the Second Circuit still hold that actual copyright registration is a prerequisite to filing for a copyright infringement suit.  *See, e.g., Muench Photography, Inc. v. Houghton Mifflin Harcourt Publ'g Co.*, 712 F.Supp.2d 84, 88 (S.D.N.Y. 2010).

Again, Lee has not alleged that Defendants possess valid copyright registrations in either

the Patient Comments or Lee's Commentary.  However, the First, part of the Second, and Seventh

Causes of Action seek declarations of non-infringement under the Copyright Act (specifically

declarations that Plaintiffs' use constitutes fair use and that Defendants' actions constitute

copyright misuse).  As Defendants would not be able to assert copyright infringement claims

against Plaintiffs, Plaintiffs cannot assert claims for declaratory judgments of non-infringement

against Defendants.  Thus, the First, part of the Second, and Seventh Causes of Action should be

dismissed under Fed. R. Civ. P. 12(b)(6).

### b. All Causes of Action Should be Dismissed for Lack of Subject Matter Jurisdiction:

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1)

when the district court lacks the statutory or constitutional power to adjudicate it." *Fed. Ins. Co.

v. Safenet Inc.*, 758 F.Supp.2d 251, 261 (S.D.N.Y. 2010).  The Declaratory Judgment Act, 28

U.S.C. § 2201(a), "does not by itself confer subject matter jurisdiction on the federal courts."

*Correspondent Serv. Corp. v. First Equities Corp.*, 442 F.3d 767, 769 (2nd Cir. 2006).  "Rather,

there must be an **independent basis of jurisdiction** before a district court may issue a declaratory

judgment." *Id.* (emphasis added).

### 1. There is No Actual Case or Controversy for the First, part of the Second, and Seventh Causes of Action

"District courts have statutory authority to adjudicate a declaratory judgment action where

an 'actual controversy' exists." *Fed. Ins.*, 758 F.Supp.2d at 261 (quoting 28 U.S.C. § 2201(a) and

citing *E.R. Squibb & Sons, Inc. v. Lloyd's & Cos.*, 241 F.3d 154, 177 (2nd Cir. 2001)).  "The

Article III 'case or controversy' requirement applies to all actions in federal court, including those

under the Declaratory Judgment Act. 28 U.S.C. § 2201(a)." *Peskin v. Picard*, 440 B.R. 579, 585

(S.D.N.Y. 2010).  "The party seeking the declaratory judgment bears the burden of proving that

the case is ripe for adjudication." *Fed. Ins.*, 758 F.Supp.2d at 261 (citing *E.R. Squibb*, 241 F.3d at

177). "It is well-settled that the party bearing this burden must prove that 'there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Id.* (quoting *SR Int'l Bus. Ins. Co., Ltd. v. Allianz Ins. Co.*, 343 Fed.Appx. 629, 631–32 (2nd Cir. 2009)). Mere "difference[s] or dispute[s] of a hypothetical or abstract character" do not constitute an actual case or controversy. *Association for Molecular Pathology v. Uspto*, 669 F.Supp.2d 365, 385 (S.D.N.Y. 2009). "If no such [actual] controversy exists ... the courts are prohibited from rendering an advisory opinion which would be beyond our constitutional power." *Starter Corp. v. Converse*, Inc., 84 F.3d 592, 595 (2nd Cir. 1996) (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 241, 57 S.Ct. 461, 464, 81 L.Ed. 617 (1937)).

Additionally, the Supreme Court has noted that federal district courts have "'broad discretion' to stay or dismiss a declaratory judgment action, which ... is buil[t] into the text of the Declaratory Judgment Act." *Artimus Constr. Inc. v. United States Fid. & Guar. Co.*, Case No. 11 Civ. 1123 (S.D.N.Y. May 99, 2011) (citing to *Wilton v. Seven Falls Co.*, 515 U.S. 277, 283 (1995)). 28 U.S.C. § 2201(a) states that "any court of the United States, upon the filing of an appropriate pleading, **may** declare the rights and other legal relations of any interested party seeking such declaration" (emphasis added). "The permissive language of the Declaratory Judgment Act has been 'consistently interpreted as a broad grant of discretion to district courts to refuse to exercise jurisdiction over a declaratory action that they would otherwise be empowered to hear.'" *Arakelian v. Omnicare, Inc.*, 735 F.Supp.2d 22, 40-41 (S.D.N.Y. 2010) (quoting *Dow Jones & Co. v. Harrods Ltd.*, 346 F.3d 357, 359 (2nd Cir. 2003)). "[C]ourts examine: '(1) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved; and (2) whether a judgment would finalize the controversy and offer relief from

uncertainty.'" *Fed. Ins.*, 758 F.Supp.2d at 261-262 (quoting *Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 384, 389 (2nd Cir. 2005)).

The First and part of the Second Causes of Action should be dismissed for lack of actual case or controversy as to all class-action Plaintiffs other than Lee. "Courts in the Second Circuit apply a two-pronged test to determine whether an actual controversy exists in a declaratory judgment action involving trademarks and copyrights." *Cosa Instrument Corp. v. HobrÉ Instruments Bv*, 698 F.Supp.2d 345, 349 (E.D.N.Y. 2010). "First, the defendant's conduct must have 'created a real and reasonable apprehension of liability on the part of the plaintiff.'" *Id.* (quoting *Ritz Hotel, Ltd. v. Shen Mfg. Co.*, 384 F.Supp.2d 678, 682 (S.D.N.Y. 2005)). "Second, the plaintiff must have 'engaged in a course of conduct which has brought it into adversarial conflict with the defendant.'" *Id.* (quoting *Ritz Hotel*, 384 F.Supp.2d at 682). However, Lee has not met either prong of the above test. Other than allegations pertaining to himself personally, he has not alleged that the other class-action Plaintiffs have created, much less posted, any Patient Comments – actions that may not even place them in "adversarial conflict" with the Defendants – nor has he alleged that Defendants have "created a real and reasonable apprehension of liability" on the part of the other class-action Plaintiffs, *e.g.* by indicating a real and reasonable intent to enforce the Mutual Agreement and/or to seek damages for copyright infringement against the other class-action Plaintiffs. Furthermore, as discussed *supra*, Defendants could not even bring copyright infringement claims against the other class-action Plaintiffs because they do not have registered copyrights in either the Patient Comments or Lee's Commentary. The lack of registered copyrights, lack of any allegations of conduct against the other class-action Plaintiffs, and a lack of conduct on the part of the other class-action Plaintiffs severely undermine the existence of an actual case or controversy in the present case. Rather, it appears clear that Lee is seeking an

advisory opinion for hypothetical situations that may or may not ever occur; as the federal courts

are prohibited from giving advisory opinions, the First and part of the Second Causes of Action as

to all class-action Plaintiffs other than Lee must therefore be dismissed for lack of an actual case

or controversy.

The First, part of the Second, and Seventh Causes of Action should also be dismissed as to

Lee.  There is no indication that Defendants have "created a real and reasonable apprehension of

liability" against Lee. Although Lee includes a complaint that Defendants allegedly threatened to

file against him, the complaint and letter were not sent by an attorney, and the proposed complaint

said it would be filed by September 26, 2011.  Doc. 1-4.  Lee never alleges that the proposed

complaint was filed; indeed, by filing a declaratory judgment action on November 29, 2011, two

months after the proposed complaint was to have been filed, Lee has clearly demonstrated that no

suit against him was ever instituted.  An invoice allegedly sent by Defendants to Lee, dated

October 5, 2011, stated: "FINAL NOTICE. If we do not hear from you within 10 days, this

account will be turned over to our collection agency."  Doc. 1-6.  There are no allegations that

Lee was ever contacted by a collection agency, thus indicating that Defendants did not do so.

This invoice also contained a substantially far smaller figure than the damage amount claimed in

the proposed complaint ($4,854.15 in the invoice compared to $100,000.00 in the proposed

complaint).  Doc. 1-4, 1-6.  Furthermore, a letter dated October 17, 2011 from an attorney

representing Defendants made absolutely no mention of the proposed complaint, did not make

any mention of alleged copyright infringement, and contained no monetary figure for damages.

Doc. 1-7.  Over a month after Defendants' final communication, Lee filed his Complaint.  It is

therefore clear that Defendants did not create any "real and reasonable apprehension" on Lee's

part.  Defendants said they would file suit by a deadline, yet the deadline came and passed with

no action taken for over two months; Defendants sent invoices and threatened to contact a collection agency, yet no collection agency was ever contacted; Defendants had an attorney send a demand letter, but the demand letter contained no monetary demand and did not refer at all to the proposed complaint or any new complaint.  A reasonable person would not have any apprehension of liability in the face of what obviously amounted to mere "empty threats." Additionally, as repeatedly stated, Lee has not alleged that Defendants had registered copyrights in Lee's Commentary; therefore, the threat of a copyright infringement suit, absent registration, would be extremely remote.  Therefore, the First, part of the Second, and Seventh Causes of Action should be dismissed as to Lee for lack of an actual case or controversy.

### 2. The Second, Third, Fourth, Fifth, and Sixth Causes of Action are Not Ripe

The remainder of the Second, Third, Fourth, and Fifth Causes of Action should be dismissed for lack of ripeness as to all class-action Plaintiffs other than Lee.  There is no evidence of a "substantial controversy" between Defendants and the other class-action Plaintiffs, of "adverse legal interests" between the parties, or of there being "sufficient immediacy and reality" necessitating a declaratory judgment.  Again, Lee has not alleged that the other class-action Plaintiffs have created or posted any Patient Comments or that they have in any way breached the Mutual Agreement.  He has also not alleged that Defendants have in any way sought to enforce the Mutual Agreement against the other class-action Plaintiffs.  In *Accelecare Wound Ctrs. v. Bank of New York*, Case No. 08 Civ. 8351(DLC), 2009 WL 2460987, *18 (S.D.N.Y. Aug. 11, 2009), the Court held: "This [declaratory judgment] claim [to find a contract unenforceable] is not yet ripe. Bullard and Hedrick have announced no plans to even attempt to compete with Accelecare, nor does their pleading indicate that Accelecare plans to enforce the covenant against them. The FAC is devoid of any suggestion of the immediacy required for a claim for declaratory

relief to be ripe." *See also Camerlo v. Howard Johnson Co.*, 710 F.2d 987, 990 (3rd Cir. 1983) ("[t]he record does not reveal that plaintiff even contemplates activity arguably in violation of the covenants. She has not alleged an intention to ... engage in competitive activity, or that such actions by her would meet with opposition by defendant.") Therefore, absent any indication that there are immediate and real "adverse legal interests" between the other class-action Plaintiffs and Defendants, the Second, Third, Fourth, and Fifth Causes of Action should be dismissed as to all Plaintiffs other than Lee.

The remainder of the Second, Third, Fourth, Fifth, and Sixth Causes of Action should also be dismissed for lack of ripeness as to Lee. As discussed *supra,* although Lee has alleged that he posted Lee's Commentary, which would apparently be a breach of the Mutual Agreement, the facts do not show immediate and real opposition by Defendants. Again, the Complaint has demonstrated "empty threats" by Defendants against Lee – notably, deadlines were repeatedly set by Defendants but never acted upon, including a proposed state lawsuit and invoices. By failing to act upon any of their "threats," it therefore appears that Defendants did not ever intend to genuinely seek any legal action against Lee. As such, the remainder of the Second, Third, Fourth, Fifth, and Sixth Causes of Action should be dismissed for lack of ripeness as to Lee.

**3. The Second, Third, Fourth, Fifth, Sixth, and Eighth Causes of Action Should Be Dismissed for Lack of Diversity**

As the First, part of the Second, and Seventh Causes of Action pertain to the Copyright Act and so must be dismissed for failure to state a claim upon which relief may be granted, discussed *supra,* the remaining causes of action should be dismissed for lack of subject matter jurisdiction due to lack of diversity.

Lee first claims subject matter jurisdiction under the Copyright Act, 17 U.S.C. §§ 101 *et seq.* pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121. For the reasons set forth

*supra,* Lee's causes of action pertaining to the Copyright Act must be dismissed under Fed. R. Civ. P. 12(b)(6).  Lee also alleges subject matter jurisdiction pursuant to 28 U.S.C. § 1332. However, Lee has been unable to demonstrate the $75,000.00 amount in controversy that is necessary for diversity jurisdiction.

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Correspondent Serv.*, 442 F.3d at 770 (quoting *Hunt v. Washington State Apple Adver. Com'n*, 432 U.S. 333, 347, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977)).  "[T]he amount in controversy is calculated from **the plaintiff's standpoint**; the value of the suit's intended benefit or the value of the right being protected or the injury being averted constitutes the amount in controversy when damages are not requested." *Kheel v. Port of New York Auth.*, 457 F.2d 46, 49 (2nd Cir. 1972) (emphasis added).  In determining that the "plaintiff's standpoint" rule applied to declaratory judgment suits, the Second Circuit cited to *Massachusetts St. Pharm. Ass'n v. Federal Prescrip. Serv.*, 431 F.2d 130, 133 FN1 (8th Cir. 1970), in which the Eighth Circuit noted: "The holding [in *Snyder v. Harris Gas Service Company v. Coburn*, 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969)] can only be interpreted as precluding the valuation of the amount in controversy from the defendant's viewpoint."

One essential element of federal jurisdiction under the diversity statute is where "the matter in controversy exceeds the sum or value of $75,000." *28 U.S.C. § 1332(a)(1)*. The policy of this Court is to construe the amount-in-controversy requirement strictly and against expanding federal jurisdiction. *Healy v. Ratta,* 292 U.S. 263, 270 (1934); *Snyder,* 394 U.S. at 339-40. This is done to respect the proper role of state courts in actuating the federal judicial system and to ensure that the federal courts are not burdened without Congress's explicit authorization. *Healy,* 292 U.S. at 270; *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-09 (1941); *Snyder,* 394 U.S. at

339-40; Thomas E. Baker, *The History and Tradition of the Amount in Controversy Requirement: A Proposal to 'Up the Ante' in Diversity Jurisdiction, 102 F.R.D. 299, 302-18 (1985)*. Thus, it is one governing principle and purpose of the diversity statute, and perhaps the principal purpose, to narrow federal jurisdiction in favor of jurisdiction in state courts, and correspondingly limit those cases that can be brought in federal court. *See* Thomas E. Baker, *The History and Tradition of the Amount in Controversy Requirement: A Proposal to 'Up the Ante' in Diversity Jurisdiction,* 102 F.R.D. 299, 302-18 (1985). In the instant case, Lee's only requested individual damages are $4,766.00 for breach of contract, which is far below the $75,000.00 threshold. He also requests non-monetary relief, both individually and in conjunction with the other class-action Plaintiffs. However, "[t]he federal courts cannot take cognizance under section [1332] of cases in which the rights are not capable of valuation in monetary terms." *Kheel*, 457 F.2d at 49. "It is firmly settled law that cases involving rights not capable of valuation in money may not be heard in federal courts where the applicable jurisdictional statute requires that the matter in controversy exceed a certain number of dollars." *Rosado v. Wyman*, 414 F.2d 170, 176-177 (2nd Cir. 1969). Thus, the non-monetary relief cannot contribute to the $75,000.00 jurisdictional requirement. If, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S. Ct. 586, 590, 82 L. Ed. 845 (1938). Since Lee has only individually requested damages of $4,766.00, the amount in controversy is not met, and this Court does not have subject matter jurisdiction over the remaining causes of action.

Lee apparently bases the amount in controversy upon Defendants' alleged demand letter

and proposed complaint to him, which claimed damages of $100,000.00. Doc. 1-4. However, this alleged figure is from the Defendants' viewpoint, not Lee's viewpoint; again, the Second Circuit has explicitly rejected using a defendant's value of the amount in controversy. Furthermore, even assuming *arguendo* that Defendants' valuation is relevant, it is important to note that the demand letter was dated August 25, 2011, the letter was not sent by an attorney and instead by "defendants' staff" under the name "Corporate Practice", and the proposed complaint said it would be filed by September 26, 2011. Doc. 1-4. Lee never alleges that the proposed complaint was filed; again, by filing a declaratory judgment action on November 29, 2011, two months after the proposed complaint was to have been filed, it is clear that no suit against him was ever instituted. Furthermore, an invoice allegedly sent to Lee from Defendants' staff on September 11, 2011 only stated a figure owed of "$1,900.00", and an alleged invoice from October 5, 2011 (sent *after* the proposed complaint was to have been filed) only stated an amount owed of "$4,854.15." Doc. 1-6. A letter dated October 17, 2011 from an attorney representing Defendants made absolutely no mention of the proposed complaint and did not give any damage figure whatsoever. Doc. 1-7. The Mutual Agreement itself contains no specific monetary figure for a breach. Doc. 1-1. As such, if Lee contends that the $100,000.00 figure is from Defendants' viewpoint, this is a completely speculative amount unsupported by the facts; that Defendants did not file any complaint against Lee, despite allegedly stating they would by September 26, 2011, and that in both alleged communications *after* September 26, 2011, they did not refer at all to any amount over $75,000.00, support the conclusion that the amount in controversy as to Lee in this case is not met.

Lee also cannot aggregate his claimed amount in controversy with the other class-action Plaintiffs'. "In [*Clark v. Paul Gray, Inc.*, 306 U.S. 583, 59 S.Ct. 744, 83 L.Ed. 1001 (1939)], the

Supreme Court announced the principle that where several plaintiffs assert separate demands in a single suit, the amount involved in each claim must satisfy the jurisdictional requirement, and the plaintiffs' individual claims cannot be aggregated to satisfy the amount in controversy." *Allendale Mut. Ins. Co. v. Excess Ins. Co. Ltd.*, 62 F.Supp.2d 1116, 1126 (S.D.N.Y. 1999). Besides that, no alleged monetary damages are cited for the other class-action Plaintiffs. Again, a federal court "cannot take cognizance under section [1332] of cases in which the rights are not capable of valuation in monetary terms." *Kheel.*, 457 F.2d at 49. As only declaratory relief is requested on behalf of the other class-action Plaintiffs, no monetary figure can be assigned to that relief. Even if the Court could aggregate all of the Plaintiffs' claims together, the figure would still be $4,776.00.

Finally, pursuant to *Zahn v. International Paper Co.*, 414 U.S. 291, 300, 94 S.Ct. 505 (1973), there is no subject matter jurisdiction "over the claims of class members that do not satisfy the amount in controversy." "Although the Second Circuit has not yet addressed this issue, a number of district courts within this circuit have, and to date 'every district court in this circuit that has addressed the issue has held that *Zahn* is still good law.'" *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 207 F.Supp.2d 71 (W.D.N.Y. 2002) (quoting *Freeman v. Great Lakes Energy Partners, L.L.C.*, 144 F.Supp.2d 201, 210 (W.D.N.Y. 2001)). *See also Allendale Mut.*, 62 F.Supp.2d at 1130. Lee's statements alleging damages are nothing more than mere averments that are not supported by any actual evidence bearing on the issue of the amount in controversy. *King v. Household Fin. Corp. II*, 593 F. Supp. 2d 958, 960 (E.D. Ky. 2009). The fact that limitations are not placed on some of the claims does not necessarily mean that those claims exceed $75,000. Id. In short, Lee has failed to produce specific evidence to support the assertion that the amount-in-controversy requirement is satisfied in this case. As a result, Plaintiff's

assertions are nothing more than pure conjecture, which is obviously not enough to permit this Court to find that the amount-in-controversy requirement has been established by a preponderance of the evidence. *See Gafford,* 997 F.2d at 160 ("The prerequisites to the exercise of jurisdiction are specifically defined and the plain import of the statute is that the District Court is vested with authority to inquire at any time whether these conditions have been met. They are conditions which must be met by the party who seeks the exercise of jurisdiction in his favor. He must allege in his pleading the facts essential to show jurisdiction."). Again, no monetary damages are cited for any of the other class-action Plaintiffs. The only relief requested for the other class-action Plaintiffs is declaratory, for which no monetary value can be assigned. Furthermore, even if the Court believes that the $100,000.00 figure is relevant, it would only be relevant for Lee as an individual plaintiff, not for the other class-action Plaintiffs; there are no allegations that Defendants have attempted to enforce any copyrights against the other class-action Plaintiffs or that Defendants have demanded over $75,000.00 for each of the other class-action Plaintiffs personally. Thus, the other class-action Plaintiffs have not met the $75,000.00 threshold, so they and the Causes of Action that pertain to them should be dismissed. The Causes of Action that pertain to Lee, both individually and as a class-action Plaintiff, should also be dismissed because he, too, has not met the $75,000.00 threshold.

## III. CONCLUSION

WHEREFORE, in consideration of the foregoing, and for such reasons as may be advanced during oral argument, Defendants, by the undersigned counsel, respectfully request that this Court dismiss the Complaint in its entirety with prejudice.

Dated: February 14, 2012

Respectfully Submitted,

DAVID M. SCHWARTZ
DS9776
1044 Northern Blvd. Suite 302
Roslyn, New York 11576
Phone: (516) 880-8170
Fax: (516) 880-8171
Dschwartz@gerstmanschwartz.com

Domingo J. Rivera, Esq. (VSB # 71407,
Admission Motion to Follow)
RIVERA LAW GROUP
8527 Mayland Drive, Suite 107
Richmond, VA 23294
Phone: (804) 332-6585
Fax:    (866) 651-2004
djr@icyberlaw.com

Counsel for Defendants

To:    Honorable Paul A. Crotty
       United States District Court Judge