UNITED STATES DISTRICT COURT,
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ROBERT ALLEN LEE, individually and on behalf     1:11-cv-08665
of all others similarly situated,

                Plaintiffs,

                                                               **REPLY MEMORANDUM OF**
-against-                                                **LAW IN FURTHER SUPPORT**
                                                                **OF DEFENDANT'S MOTION**
                                                                 **TO DISMISS**

STACY MAKHNEVICH *et al.*,

                Defendants.

------------------------------------------------------------X

## PRELIMINARY STATEMENT

Defendants Stacy Makhnevich *et al.* ("Defendants") respectfully submits this reply memorandum of law in further support of its motion to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

As fully discussed in Defendants' moving brief and in this reply brief, Plaintiff's Complaint is legally deficient for numerous reasons and should be dismissed. Plaintiff's opposition memorandum fails to adequately raise sufficient legal authority in response to the arguments Defendants have raised: Plaintiff's failure to plead an actual case or controversy; Plaintiff's causes of action are not ripe; Plaintiffs failure to establish the amount in controversy meets the jurisdictional amount. For these reasons, it is respectfully submitted that the Court grant Defendants' motion to dismiss in its entirety.

## ARGUMENT

**I. The Complaint Fails to Plead an "Actual Controversy":**

As stated in Defendants' moving brief, there is no indication that Defendants have "created a real and reasonable apprehension of liability" against Lee. Therefore, Plaintiff severely undermines the existence of an actual case or controversy in the present case. A reasonable person would not have any apprehension of liability in the face of what obviously amounted to mere "empty threats."

Plaintiff contends that the "reasonable apprehension" test articulated by Defendants is no longer good law. However, there is no bright-line rule for determining whether an action satisfied the case or controversy requirement. *MedImmune*, 127 S.Ct. at 771 (quoting *Aetna Life*, 300 U.S. at 240-41, 57 S.Ct. 461). While the Supreme Court rejected the reasonable apprehension of suit test as the sole test for jurisdiction, it did not completely do away with the relevance of a reasonable apprehension of suit. Rather, following *MedImmune*, proving a reasonable apprehension of suit is one of multiple ways that a declaratory judgment plaintiff can satisfy the more general all-the-circumstances test to establish that an action presents a justiciable Article III controversy. *Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1336 (Fed. Cir. 2008). "The difference between an abstract question and a 'controversy' contemplated by the Declaratory Judgment Act is necessarily one of degree, and it would be difficult, if it would be possible, to fashion a precise test for determining in every case whether there is such a controversy." *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 85 L.Ed. 826 (1941). Instead of a bright-line rule, "the analysis must be calibrated to the particular facts of each case," *Cat Tech LLC*, 528 F.3d at 879, with the basic standard being whether "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties

2

having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment," *MedImmune,* 127 S.Ct. at 771 (quoting *Md. Cas. Co.,* 312 U.S. at 273, 61 S.Ct. 510); *see also Caraco Pharm. Labs. Ltd. v. Forest Labs.,* 527 F.3d 1278, 1290 (Fed.Cir.2008). In *Prasco, LLC v. Medicis Pharmaceutical Corp,.* "notwithstanding the *MedImmune* Court's statement that the Federal Circuit's 'reasonable apprehension of suit' test for determining subject matter jurisdiction in declaratory judgment actions contradicted earlier Supreme Court precedent, the district court nevertheless applied the Federal Circuit's reasonable apprehension of suit test." *Prasco, LLC v. Medicis Pharm. Corp.,* 537 F.3d 1329, 1334 (Fed. Cir. 2008) Further, the Court found that even if *MedImmune* did overrule this test, "it would still conclude that there was no case or controversy because there was no definite and concrete dispute that touches the legal relations of the parties." Id.

Even using the totality-of-the-circumstances test as articulated in the Plaintiff's opposition memorandum which applies a lower threshold, the burden is still not met to prove an actual case or controversy. Pln. Br. 6-7. The MedImmune decision which the Plaintiff most heavily relies on stated that Courts "do not draw the brightest of lines between those declaratory-judgment actions that satisfy the case-or-controversy requirement and those that do not. Our decisions have required that the dispute be 'definite and concrete, touching the legal relations of parties having adverse legal interests'; and that it be 'real and substantial' and 'admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts'." *MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 127, 127 S. Ct. 764, 771, 166 L. Ed. 2d 604 (2007). While this standard can be analyzed directly, the Supreme Court has also developed various more specific but overlapping doctrines rooted in the same Article III inquiry, which must be met for a

3

controversy to be justiciable, including standing, ripeness, and a lack of mootness. *See Caraco,* 527 F.3d at 1291 (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (standing); *Abbott Labs. v. Gardner,* 387 U.S. 136, 149, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967) (ripeness); and *U.S. Parole Comm'n v. Geraghty,* 445 U.S. 388, 397, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980) (mootness)). As satisfying these doctrines represents the absolute constitutional minimum for a justiciable controversy, they can be a helpful guide in applying the all-the-circumstances test. *Id.* The instant case clearly does not meet this requirement. The dispute is not "real and substantial" because it is based on a "hypothetical state of facts," i.e.-If Defendants pursued legal action against Plaintiff.

Further, the timeline which the Plaintiff sets forth proves the Defendants' point that there was no "reality" of adverse legal interests. Pln. Br. 7-8. The timeline spans over a three month period with no legal action ever being taken. Rather, Plaintiff has clearly demonstrated that no suit against him was ever instituted. Defendants said they would file suit by a deadline, yet the deadline came and passed with no action taken for over two months; Defendants sent invoices and threatened to contact a collection agency, yet no collection agency ever contacted plaintiff; Defendants had an attorney send a demand letter, but the demand letter contained no monetary demand and did not refer at all to the proposed complaint or any new complaint. Although *MedImmune* clarified that an injury-in-fact sufficient to create an actual controversy can exist even when there is no apprehension of suit, it did not change the bedrock rule that a case or controversy must be based on a *real* and *immediate* injury or threat of future injury that is *caused by the defendants*-an objective standard that cannot be met by a purely subjective or speculative fear of future harm. *Prasco, LLC v. Medicis Pharm. Corp.,* 537 F.3d 1329, 1339 (Fed. Cir. 2008).

4

## II. Registration of the Copyright:

Plaintiff's opposition memorandum relies on the case of *Reed Elsevier v. Muchnick et al.* to conclude that copyright registration is not a jurisdictional requirement. Pln. Br. 10-11. The Court in *Reed Elsevier* held, "Section 411(a)'s registration requirement is a precondition to filing a claim that does not restrict a federal court's subject-matter jurisdiction." *Reed Elsevier, Inc. v. Muchnick*, 130 S. Ct. 1237, 1241, 176 L. Ed. 2d 18 (2010). However, registration does not restrict the Court from exercising subject-matter jurisdiction over a case, contrary to Plaintiff's argument, registration is still a precondition for a claim under the Copyright Act. Id. Further, the court has revisited the issue of whether procedural rules may be considered jurisdictional elements in some post-*Reed Elsevier* cases. It is important to note that "these cases merely illustrate the Supreme Court's recent willingness to ensure that federal courts use the jurisdictional label carefully; they do not foreclose application of the jurisdictional label." *A.I.M. Controls, L.L.C. v. C.I.R.*, 672 F.3d 390 (5th Cir. 2012).

Even assuming registration is a nonjurisdictional issue, the Court in *Reed Elsevier* still conditioned the power of the court to adjudicate a case contingent on having subject-matter jurisdiction, which is not present in the instant case. *See Reed Elsevier,* 130 S. Ct. 1237 at 1246 (The word "jurisdiction," as used here, thus says nothing about whether a federal court has subject-matter jurisdiction to adjudicate claims for infringement of unregistered works.) Plaintiff fails to meet the statutory amount in controversy requirement. Therefore there still is no jurisdiction over the Defendants'.

Additionally, even if we assume non-registration does not prevent the court from hearing this matter, Defendants' motion to dismiss should still be granted for the failure to state a claim due to non-registration of the copyright. The law is clear: no civil action for infringement of

5

copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made. 17 U.S.C. § 411(a). The failure of a complaint to allege compliance with copyright registration requirements is reason to grant a motion to dismiss of a copyright infringement claim. *Quincy Cablesystems, Inc. v. Sully's Bar, Inc.*, 650 F.Supp. 838, 848 (D.Mass.1986). Because *Reed Elsevier* did not alter the conclusion that § 411(a) imposes a mandatory precondition to bringing a copyright infringement claim, it does not call into question the validity of cases that interpret § 411(a) to prescribe such a requirement on nonjurisdictional grounds. *Compound Stock Earnings Seminars, Inc. v. Dannenberg*, 3:10-CV-2201-D, 2012 WL 28121 (N.D. Tex. Jan. 4, 2012). Plaintiff has not preregistered or registered in accordance with 17 U.S.C. § 411(a), and is therefore barred from asserting copyright infringement claims. For the foregoing reasons, as a result of Plaintiff's failure to state a claim upon which relief can be granted with respect to his copyright infringement claim, the Court should dismiss the copyright infringement claim.

### III. The Amount in Controversy Fails to Meet Jurisdictional Requirements:

Plaintiff's opposition papers failed to demonstrate to a legal certainty that the amount recoverable is more than the jurisdictional amount against the Defendants. *Watson v. Blankinship*, 20 F.3d 383, 386 (10th Cir.1994). To satisfy the amount in controversy, Plaintiff alleges numerous pecuniary losses as a result of the alleged conduct, including attorneys' fees. However, Plaintiff fails to meet the required threshold of pleading damages to a legal certainty.

Individually Lee has only requested damages of $4,766.00 yet he apparently bases the amount in controversy upon Defendants' alleged demand letter and proposed threats against him, which claimed damages of $100,000.00. Plaintiff claims that Defendants improperly used the case of *Kheel v. Port of New York Auth*, 4577 F.2d 46 (1972), because while the amount in

controversy is calculated from the plaintiff's viewpoint, it includes "the value of...the injury being averted" and therefore, the $100,000.00 can be used to satisfy this requirement. Pln. Br. 15-16. The case is greatly distinguishable from the instant one. In this case it is clear that Defendants do not seek to impose any damages on the Plaintiff. This standard was also used and articulated by the court in *Beacon Constr. Co. v. Matco Elec. Co.*, which specifically stated that "the injury being averted properly considers the amount of damages that defendant seeks to impose on the plaintiff and that plaintiff seeks to avoid." Plain. Br. 15-16. Again, Defendants did not and do not seek any damages from the Plaintiff and therefore, the hypothetical amounts in Defendant's empty threats Plaintiff attempts to use in order to satisfy the amount in controversy cannot be included.

The Copyright Act, 17 U.S.C. § 505, vests courts with the discretion to award attorneys' fees to prevailing parties. *Medforms, Inc. v. Healthcare Mgmt. Solutions, Inc.*, 290 F.3d 98, 117 (2d Cir.2002). Although there is no precise formula for determining when attorneys' fees are appropriate under the Copyright Act, the Supreme Court has observed that the degree of frivolousness and unreasonableness should be considered. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 535 n. 19, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994) (citing *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 156 (3d Cir.1986)). Defendants have not acted with any degree of bad faith, frivolousness, or unreasonableness that would justify and warrant an award of attorneys' fees under the Copyright Act and therefore, they should not be included in Plaintiffs proposed damage amount to try to satisfy the amount in controversy requirement.

## CONCLUSION

For the foregoing reasons and those stated in defendants' memorandum of law in support of their motion to dismiss, defendants respectfully request that the Court dismiss the complaint in its entirety.

Dated:   April 16, 2012

Respectfully Submitted,

DAVID M. SCHWARTZ
DS9776
Attorney for Defendants
1044 Northern Blvd. Suite 302
Roslyn, New York 11576
Phone: (516) 880-8170
Fax: (516) 880-8171
Dschwartz@gerstmanschwartz.com

To:   Honorable Paul A. Crotty
      United States District Court Judge