USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 27, 2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ROBERT ALLEN LEE, individually
and on behalf of all others similarly situated,
                      Plaintiffs,

- against -

STACEY MAKHNEVICH and ASTER DENTAL,
a/k/a CHRYSLER BUILDING DENTAL
ASSOCIATION, a/k/a NORTH EAST P.C., a/k/a
SOUTH EAST DENTAL SUIT, a/k/a LINCOLN
SQUARE DENTAL ARTS, a/k/a LINCOLN
SQUARE DENTAL ARTS OF MANHATTAN,
a/k/a CHRYSLER DENTAL,
                      Defendants.
------------------------------------------------------------x

11 Civ. 8665 (PAC)

OPINION & ORDER

HONORABLE PAUL A. CROTTY, United States District Judge:

    This lawsuit about a toothache and a dentist's attempt to insulate herself from criticism by patients has turned into a headache. After appealing to his dentist for pain relief, Plaintiff Robert Allen Lee, ironically, is appealing to the court for relief from his dentist. The Defendants are New York dentist Stacey Makhnevich and her practice Aster Dental. Defendants would not treat any patients unless they signed a confidentiality agreement as a precondition to treatment. The agreement purports to assign to Defendants a copyright over any comments created or made by patients about Defendants.

    Lee seeks a declaration that Defendants' confidentiality agreement is void for lack of consideration and is unconscionable under New York common law, and further constitutes a deceptive practice in violation of Section 349(a) of the New York General Business Law. (Claims Three, Four, and Five.) Alternatively, Lee seeks a declaration that patient comments constitute a protected fair use under Section 107 of the Copyright Act, and that the class is entitled to equitable defenses. (Claims One and Two.) In addition, Lee seeks on his own behalf

1

a declaration that his comments were not defamatory because they were truthful, a declaration that his postings constituted fair use, and seeks damages for breach of contract for Defendants' failure to submit Lee's claim to his insurance company. (Claims Six, Seven and Eight.) Defendants moved to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim pursuant to Fed. R. Civ. P. Rule 12(b)(1) and 12(b)(6). For the reasons set forth below, Defendants' motions to dismiss pursuant to both Rule 12(b)(1) and 12(b)(6) are denied.

## BACKGROUND

In late October 2010, Lee experienced severe toothache pain. (Compl. ¶ 16.) Lee chose Aster Dental because his insurance company listed them as preferred providers. (Id.) The Defendants told Lee that he would have to pay Defendants directly and that Defendants would then submit Lee's paperwork to his insurer for reimbursement. (Id. ¶ 17.) Defendants also required Lee, as with all patients, to sign a confidentiality agreement entitled "Mutual Agreement to Maintain Privacy" before providing treatment, regardless of the severity of their condition. (Id. ¶¶ 2, 18.) Lee was in severe pain; and he signed the agreement in the hope of relief. (Id. ¶ 20).

The agreement precludes patients from posting comments about Defendants and assigns to Defendants all copyrights in those comments. It provides, in relevant part:

> "In consideration for treatment . . . Patient agrees to refrain from directly or indirectly publishing . . . commentary upon Dentist and his practice, expertise and/or treatment . . . . If Patient does prepare commentary for publication about Dentist, the Patient exclusively assigns all Intellectual Property rights, including copyrights, to Dentist for any written, pictorial, and/or electronic commentary. . . . This agreement shall be operative and effective at the time of creation (prior to publication) of the commentary. . . . In addition, Patient will not denigrate, defame, disparage, or cast aspersions upon the Dentist; and . . . will use all reasonable efforts to prevent any member of their immediate family or acquaintance from engaging in any such activity."

2

(Compl. Ex. A ¶ 3). In return for this restraint on speech, Defendants made the disturbing promise not to do exactly what they are not supposed to do in the first instance. Defendants promised not to exploit loopholes in HIPPA that Defendants asserted allow them to pass along Lee's patient information to third party marketers. (Id. ¶ 2.)

Only after Lee signed this agreement did Dr. Makhnevich proceed to treat Lee's infected, painful tooth. (Id. ¶ 21.) Lee was billed nearly $4,800 for his troubles and paid this amount. (Id. ¶¶ 21-22.) Despite Lee's numerous telephone calls, Defendants never forwarded Lee's paperwork to his insurer for reimbursement. (Id. ¶ 23). When Lee requested a copy of his dental records to submit the claim himself, Defendants refused to provide them, but instead referred him to a third party that demanded a $200 charge. (Id. ¶ 24).

On August 24, 2011, Lee recounted his experience at Aster Dental on several websites, including Yelp and DoctorBase. (Id. ¶ 26). Lee's comments criticized Defendants for overcharging him, refusing to submit his insurance claim, and refusing to provide him with his dental records. (Id. Ex. B.) Immediately thereafter on August 25, 2011, Defendants sent a letter to Lee threatening him with an action for breach of contract, defamation, and copyright infringement. (Compl. ¶ 27). The letter stated that Defendants would seek $100,000 in damages and attached a draft of the complaint that they intended to file. (Id. Ex. D.) The letter warned that "[t]his letter shall serve you as the only notice prior to litigation." (Id.) In the draft complaint, entitled Notice of Commencement of Legal Actions, Defendants claimed they were "damaged thereby in the sum of $85,000 plus interest" and also sought "$25,000 general damages for . . . fraud." (Id.) On September 12 and October 5, 2011, Defendants issued invoices to Lee, charging him $100 per day for copyright infringement. (Compl. ¶ 29). The invoices provided that "[a]ccounts not paid within 7 days of an invoice are subject to a 1.5% late

3

charge fee and a service charge of $20." (Ex. F.) On October 24, 2011, Lee received another letter threatening litigation, this time from Defendants' attorney, stating that "all legal possible actions will be taken against you in which you will be responsible for any judgment made against you." (Compl. ¶ 30; Ex. G.)

In September 2011, Defendants continued their aggressive and threatening conduct. They sent takedown notices to the web sites where Lee had made comments about Defendants. (Compl. ¶ 28; Ex. E.) The letters stated that the Digital Millennium Copyright Act ("DMCA") provided a safe harbor to Internet Service Providers ("ISPs") who "expeditiously remove unauthorized posting[s] of copyrighted material once notified." (Id. Ex. E.) The takedown notice warned that if the websites did not remove the commentary immediately, however, they would lose the DMCA's protection and Defendants would "consider coordinating with counsel to implement any and all remedies allowable by law." (Compl. ¶ 28; Ex. E.)

## DISCUSSION

### I. Motion to Dismiss Pursuant to Rule 12(b)(1)

In resolving a motion to dismiss a case for lack of subject matter jurisdiction, the Court must accept as true all factual allegations made in the complaint and draw all inferences in the light most favorable to the plaintiff. Sweet v. Sheahan, 235 F.3d 80, 83 (2d Cir. 2000). The Court is not limited to the face of the complaint and may consider evidence outside the pleadings. Phifer v. New York, 289 F.3d 49, 55 (2d Cir. 2002). A plaintiff must prove jurisdiction by a preponderance of the evidence. Id.

The Declaratory Judgment Act, 28 U.S.C. § 2201, does not provide a federal court with subject matter jurisdiction, but merely expands the spectrum of relief and remedies a federal court may grant; an independent basis for jurisdiction must first exist before relief may be

4

granted under 28 U.S.C. § 2201. Garanti Finansal Kiralama A.S. v. Aqua Marine and Trading Inc., 679 F.3d 59, 66 (2d Cir. 2012). Federal district courts have subject-matter jurisdiction over copyright infringement actions based on 28 U.S.C. § 1331, which confers federal question jurisdiction, and 28 U.S.C. § 1338, which confers original, exclusive jurisdiction over copyright claims. Reed Elsevier, Inc. v. Muchnick, 559 U.S. 154, 130 S. Ct. 1237, 1246 (2010). Lee brings his claims for a declaration of copyright non-infringement under the Copyright Act, 17 U.S.C. §§ 101 et seq. Specifically, Lee asks the Court to apply the fair use provisions of the Copyright Act, 17 U.S.C. § 107, and for a declaration relating to copyright ownership—claims that arise under the Copyright Act. Accordingly, the Court is satisfied that it has an independent basis of jurisdiction over these copyright claims.[1] As the Court will discuss below, in addition, Lee has properly asserted diversity jurisdiction under 28 U.S.C. § 1332 over all claims and supplemental jurisdiction under 28 U.S.C. § 1367 over the remaining state law claims.

### A.  Actual Case or Controversy

Article III of the Constitution and the Declaratory Judgment Act impose the additional jurisdictional requirement of an actual controversy. See Nike, Inc. v. Already, LLC, 663 F.3d 89, 95 (2d Cir. 2011). The Act provides that "[i]n a case of actual controversy," a federal court "may declare the rights . . . of any interested party seeking such declaration." 28 U.S.C. § 2201(a). The Second Circuit applies a totality-of-the-circumstances test to determine a justiciable controversy in intellectual property cases. See Nike, 663 F.3d at 95 (citing MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 126–27 (2007)). Under this test, the court's task is to consider whether "the adversity of legal interests that exists between the parties is real

---

[1] Defendants concede that Section 411(a) of the Copyright Act does not present a jurisdictional bar to Lee's causes of action. Indeed, Section 411(a)'s registration requirement is a precondition to filing suit that does not restrict a court's subject matter jurisdiction. Reed Elsevier v. Muchnick, 559 U.S. 154, 130 S. Ct. 1237, 1247 (2010).

and substantial and admits of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be on a hypothetical state of facts." Id. at 95–96 (citing MedImmune, 549 U.S. at 127) (internal quotation marks and alterations omitted); Telebrands Corp. v. Exceptional Prods., 2011 U.S. Dist. LEXIS 139308, at *5 (D.N.J. Dec. 5, 2011) ("[T]he Court must decide 'whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" (quoting MedImmune, 549 U.S. at 127)).

Defendants' argument that no actual controversy exists is specious. Defendants created the controversy with Lee by attempting to enforce the agreement, which they extracted as a condition for getting dental treatment. Further, under the totality of circumstances, the controversy is sufficiently "real" and "immediate." Defendants cannot pretend now that their notices to Lee were "just kidding," or that Lee lacked any reasonable apprehension of liability.[2] A brief review of Defendants' conduct in response to Lee's exercise of basic rights shows how ridiculous their arguments are: (1) Defendants twice threatened Lee with suit, the second notification being from an attorney who did not specify a deadline by which suit would commence; (2) Defendants prepared and sent a draft version of the complaint they would file in a New York state court (Ex. D); and (3) Defendants sent two invoices, one which threatened referral to a collection agency. Cf. Telebrands, 2011 U.S. Dist. LEXIS 139308, at *6 (finding that Defendants' communications to Plaintiff notifying them of potential causes of action

---

[2] While Lee relies on the reasonable apprehension test, MedImmune disavowed that test and lowered the requirement for a showing of an actual controversy. Nike, 663 F.3d at 95–96; Telebrands, 2011 U.S. Dist. LEXIS 139308, at *6 n.2. Even under the older test, however, Lee has alleged sufficient facts to show a reasonable apprehension of liability. See Cosa Instrument Corp v. Hobré Instruments PV, 698 F. Supp. 2d 345, 346–47, 349 (E.D.N.Y. 2010) (finding a reasonable apprehension where defendant and counsel sent two letters that communicated their intent to bring an infringement suit for plaintiffs' continued sale of its product).

adequately showed an immediate and real controversy). No reasonable person could view Defendants' constant barrage of threats as anything other than a real controversy.

Further, Defendants have not released Lee from liability for the amount threatened in the draft complaint, which is in excess of $110,000, or the amount charged by the two invoices. There is an objectively supported threat of future injury—which Defendants' conduct as created. In light of Defendants' threats of liability, Lee is not required to await Defendants' initiation of an action to settle this actual controversy. MedImmune, 549 U.S. at 134.

B. Diversity of Citizenship

The Court has determined that it has jurisdiction over the copyright claims, and there is no basis for dismissing them pursuant to Rule 12(b)(6). The complaint's remaining state law claims are related to the copyright claims; they arise from the same incidents involving Lee's visit to the dentist, his execution of the agreement, and his subsequent internet postings. See Treglia v. Town of Manlius, 313 F.3d 713, 723 (2d Cir. 2002) (finding that state claims were sufficiently related when they arose "out of approximately the same set of events as . . . federal . . . claim[s]."). Thus the court has supplemental jurisdiction over these claims, and there is no basis to decline to exercise that jurisdiction pursuant to the factors contained in 1367(c)(1)-(4). See Itar-Tass Russian News Agency v. Russian Kurier, Inc., 140 F.3d 442, 447 (2d Cir. 1998).

Independently, Lee has properly invoked the Court's diversity jurisdiction over all claims under 28 U.S.C. § 1332(a). As the parties are from different states, the only remaining question is whether the jurisdictional amount of $75,000 has been satisfied. (Compl. ¶ 13.) Courts presume that the amount alleged on the face of the complaint is the actual amount in controversy. Scherer v. Equitable Life Assurance Soc'y of U.S., 347 F.3d 394, 397 (2d Cir. 2003). This presumption may be rebutted only by showing "to a legal certainty that the amount recoverable

does not meet the jurisdictional threshold." Id. (internal quotation marks omitted). "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977). That is to say, courts may consider the value of the injury being averted in determining whether the amount in controversy has been met. Beacon Constr. Co. v. Matco Elec. Co., 521 F.2d 392, 399 (2d Cir. 1975); see Doctor's Assocs. v. Hamilton, 150 F.3d 157, 160-61 (2d Cir. 1998).³ This amount is calculated from the plaintiff's viewpoint. Kheel v. Port of New York Auth., 457 F.2d 46, 49 (2d Cir. 1972).

Defendants argue that from Lee's standpoint, Lee's only requested damages are $4,766.00 for breach of contract. That is wishful thinking. The complaint values the injury at approximately $100,000, based on Defendants' own conduct in threatening litigation against Lee. Defendants' demand letter and draft complaint, and their own conduct to enforce the agreement they extracted before Lee was treated have created the situation in which Lee finds himself. Defendants cannot walk away from the jurisdictional amount, $75,000, by arguing that their $100,000 threats were meaningless. Indeed, accepting the value which Defendants placed on their threats, Lee has made an adequate showing that he meets the amount-in-controversy threshold.

## II. Motion to Dismiss Pursuant to Rule 12(b)(6)

When considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint"

---

³ Accord Am. Standard, Inc. v. Oakfabco, Inc., 498 F. Supp. 2d 711, 717 (S.D.N.Y. 2007) ("[T]he value of the requested relief is the monetary value of the benefit that would flow to the plaintiff if injunctive or declaratory relief were granted."); Hough v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 757 F. Supp. 283, 286 (S.D.N.Y. 1991), aff'd 946 F.2d 883 (2d Cir. 1991) ("In this action to vacate the arbitration award the amount in controversy may be regarded as either the value to plaintiff of the relief sought or the loss to defendant if the relief is granted.").

8

and construe the complaint in the light most favorable to the plaintiff. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 572 (2007) (internal quotation marks omitted). The Court only "assess[es] the legal feasibility of the complaint"; it does not "assay the weight of the evidence which might be offered in support thereof." Lopez v. Jet Blue Airways, 662 F.3d 593, 596 (2d Cir. 2011) (internal quotation marks omitted). To state a facially plausible claim, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"

The parties agree that Defendants' failure to comply with 17 U.S.C. § 411(a)'s registration requirement does not deprive the Court of jurisdiction in copyright actions. See Reed Elsevier, 130 S.Ct. at 1247. Instead, the parties' disagreement is over whether registration must be pled to survive dismissal in a declaratory action for non-infringement under Fed. R. Civ. P. 12(b)(6). Defendants contend that Lee's declaratory claims involving the Copyright Act fail to state a claim for relief because Defendants' purported copyrights were never registered. Section 17 U.S.C. 411(a) provides that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made." But that is not what plaintiff seeks. He is seeking relief from Defendants' assertion that Lee's comments about Defendants' hardly defensible practices are subject to copyright protection. Defendants' argument that the copyright must be registered before relief can be granted to Plaintiff turns the law upside down.

9

III. Defendants' References to Class Members Other than Lee

While Defendants make much of the supposed failure of unidentified class members to satisfy Article III and the Declaratory Judgment Act's justiciability requirement, the issue is not germane at this time. At the pre-motion conference on March 5, 2012, the Court informed the parties that discussion of the propriety of certifying a class would be premature, and instructed the parties to file their motions to dismiss without analyzing the class action. Accordingly, the Court's order here is specific to the ability of Lee to assert his claims. Defendants may renew their objections challenging the class' claims at the class certification stage.

## CONCLUSION

The Court DENIES Defendants' motion to dismiss pursuant to Rule 12(b)(1) and 12(b)(6) in their entirety. The Court has original jurisdiction over the claims arising under the Copyright Act (Claims One, Two, and Seven), supplemental jurisdiction over the remaining claims (Three, Four, Five, Six and Eight), and diversity jurisdiction over all claims. Since the failure to register is not dispositive in a declaratory action for non-infringement, Defendants' motion to dismiss the copyright claims is denied. The Clerk of the Court is directed to terminate the motions at docket nos. 18 and 20. The parties are ordered to submit a civil case management plan to the Court by April 26, 2013.

Dated: New York, New York

March 27, 2013

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge