UNITED STATES DISTRICT COURT,
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ROBERT ALLEN LEE, individually and on behalf of all others similarly situated,

          Plaintiffs,

    -against-

STACY MAKHNEVICH and ASTER DENTAL, a/k/a CHRYSLER BUILDING DENTAL ASSOCIATION, a/k/a NORTH EAST P.C., a/k/a SOUTH EAST DENTAL SUITE, a/k/a LINCOLN SQUARE DENTAL ARTS, a/k/a LINCOLN SQUARE DENTAL ARTS OF MANHATTAN, a/k/a CHRYSLER DENTAL,

          Defendants.

-----------------------------------------------------------------X

**Civil Action No. 11 cv. 8665 (PAC)**

**ANSWER**

Defendants STACY MAKHNEVICH ("Makhnevich") and ASTER DENTAL ("Aster Dental") by his attorney, David M. Schwartz, as and for his answer to the complaint, respectfully alleges, upon information and belief, as follows:

### NATURE OF ACTION

1. Defendant denies the allegations in paragraph 1 through 7.

### PARTIES

2. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8.

3. Defendant admits the allegations in paragraph 9.

4. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10.

## JURISDICTION AND VENUE

5. Defendant denies the allegations in paragraphs 11 through 15.

## FACTS COMMON TO ALL CLAIMS

6. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 16 through 21.

7. Defendant admits the allegations in paragraph 22.

8. Defendant denies the allegations in paragraph 23 through 24.

9. Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25

10. Defendant admits the allegations in paragraphs 26 through 27.

11. Defendant admits the allegations as to the takedown letters mentioned in the first part of paragraph 28 but denies the allegations in the second part of the paragraph that they were in violation of HIPPA.

12. Defendant admits the allegations in paragraphs 29 through 30.

13. Defendant admits to being a member of the NYSDA as set forth in paragraph 31.

## CLASS ACTION ALLEGATIONS

14. Defendant reiterates any and all previous denials contained in paragraph 32. Defendant denies knowledge or information sufficient to form a belief as to the truth to the remainder of the allegations in paragraph 32.

15. Defendant denies the allegations in paragraphs 33 through 38.

## FIRST CAUSE OF ACTION

16. Defendant reiterates any and all previous denials contained in paragraph 39. Defendant denies knowledge or information sufficient to form a belief as to the truth to the remainder of the allegations in paragraph 39.

17. Defendant denies the allegations in paragraphs 40 through 41.

## SECOND CAUSE OF ACTION

18. Defendant reiterates any and all previous denials contained in paragraph 42. Defendant denies knowledge or information sufficient to form a belief as to the truth to the remainder of the allegations in paragraph 42.

19. Defendant denies the allegations in paragraphs 43 through 44.

## THIRD CAUSE OF ACTION

20. Defendant reiterates any and all previous denials contained in paragraph 45. Defendant denies knowledge or information sufficient to form a belief as to the truth to the remainder of the allegations in paragraph 45.

21. Defendant denies the allegations in paragraphs 46 through 48.

## FOURTH CAUSE OF ACTION

22. Defendant reiterates any and all previous denials contained in paragraph 49. Defendant denies knowledge or information sufficient to form a belief as to the truth to the remainder of the allegations in paragraph 49.

23. Defendant denies the allegations in paragraphs 50 through 51.

## FIFTH CAUSE OF ACTION

24. Defendant reiterates any and all previous denials contained in paragraph 52. Defendant denies knowledge or information sufficient to form a belief as to the truth to the remainder of the allegations in paragraph 52.

25. Defendant denies the allegations in paragraphs 53 through 54.

## SIXTH CAUSE OF ACTION

26. Defendant reiterates any and all previous denials contained in paragraph 55. Defendant denies knowledge or information sufficient to form a belief as to the truth to the remainder of the allegations in paragraph 55.

27. Defendant admits the allegations in paragraph 56.

28. Defendant denies the allegations in paragraph 57.

## SEVENTH CAUSE OF ACTION

29. Defendant reiterates any and all previous denials contained in paragraph 58. Defendant denies knowledge or information sufficient to form a belief as to the truth to the remainder of the allegations in paragraph 58.

30. Defendant denies the allegations in paragraphs 59 through 60.

## EIGHTH CAUSE OF ACTION

31. Defendant reiterates any and all previous denials contained in paragraph 61. Defendant denies knowledge or information sufficient to form a belief as to the truth to the remainder of the allegations in paragraph 61.

32. Defendant denies the allegations in paragraphs 62 through 64.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE-FAILURE TO STATE A CLAIM

33. The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE-UNCLEAN HANDS

34. The relief sought by plaintiff is barred by the Doctrine of Unclean Hands, in that the plaintiff has dealt unjustly in the transaction of which he complains. Specifically, plaintiff targeted the defendant making false accusations of wrongdoing in order to damage his name and reputation.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE-WAIVER

35. Plaintiff waived his rights by signing the "Mutual Agreement to Maintain Privacy."

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE-CONSENT

36. Plaintiff consented to the terms of the "Mutual Agreement to Maintain Privacy" in which he signed.

### CONCLUSION

WHEREFORE, Defendant Stacy Makhnevich and Defendant Aster Dental demands judgment dismissing the complaint in its entirety and an award of costs, disbursements, reasonable attorneys' fees and such other and further relief as the Court may deem just and proper.

Dated:   April 10, 2013

Respectfully Submitted,

DAVID M. SCHWARTZ
DS9776
Attorney for Defendant
1044 Northern Blvd. Suite 305
Roslyn, New York 11576
516-880-8170
Dschwartz@gerstmanschwartz.com

To:   Honorable Paul A. Crotty
      United States District Court Judge