UNITED STATES DISTRICT COURT,
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

ROBERT ALLEN LEE, individually and on behalf of all others similarly situated,

               Plaintiffs,

-against-

STACY MAKHNEVICH and ASTER DENTAL, a/k/a CHRYSLER BUILDING DENTAL ASSOCIATION, a/k/a NORTH EAST P.C., a/k/a SOUTH EAST DENTAL SUITE, a/k/a LINCOLN SQUARE DENTAL ARTS, a/k/a LINCOLN SQUARE DENTAL ARTS OF MANHATTAN, a/k/a CHRYSLER DENTAL,

               Defendants.
-------------------------------------------------------------X

Civil Action No. 11 cv. 8665 (PAC)

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO WITHDRAW FROM COUNSEL FOR DEFENDANT STACY MAKHNEVICH AND ASTER DENTAL**

Pursuant to Southern District of New York Local Civil Rule 1.4, Gerstman Schwartz & Wink LLP submits this memorandum of law in support of its motion for an order permitting it to withdraw as counsel of record for Defendants STACY MAKHNEVICH ("Makhnevich") and ASTER DENTAL ("Aster Dental"). Gerstman Schwartz & Wink, LLP has not made a previous application for similar relief and is not asserting a retaining or charging lien.

### I. INTRODUCTION

It is with regret that undersigned counsel is forced to make this motion to withdraw. The attorney-client relationship between Defendant Makhnevich, Defendant Dental and attorney has deteriorated to the point where further representation would be inappropriate. To date, numerous attempts have been made to contact defendant in order to be able to fully and adequately represent her and provide a defense in this action. Additionally, numerous attempts have been

made to contact defendant to try and obtain her consent to withdraw based on her unavailability and unwillingness to aid in her defense and conform to certain deadlines imposed by the court. All attempts have failed and Defendant Makhnevich does not currently reside in this jurisdiction. Notice was also given via telephone call with Paul Alan Levy, counsel to plaintiffs, regarding the intent to possibly withdraw from representation of Defendant Makhnevich and Defendant Dental due to our inability to reach the defendant and regarding our inability to contact the defendant or know her whereabouts.

Gerstman Schwartz & Wink, LLP therefore seeks to withdraw as counsel. As fully described herein, the conduct of Defendant Makhnevich and Defendant Dental has made effective representation by Gerstman Schwartz & Wink, LLP impossible. Defendant Makhnevich and Defendant Dental will not be prejudiced by withdrawal, nor will its withdrawal cause delay in the administration of this case. Accordingly, Gerstman Schwartz & Wink, LLP respectfully requests that its motion for withdrawal be granted.

## II.   ARGUMENT

Under Local Civil Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar.

Here, such satisfactory reasons plainly exist and withdrawal should be permitted. Accordingly, "[w]hen considering whether to grant a motion to dismiss, district courts must thus analyze two factors: the reasons for withdrawal and the impact of the withdrawal on the timing

of the proceeding." *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08 Civ. 6469 (DAB)(JCF), 2011 WL 672245, at *1 (S.D.N.Y. Feb. 17, 2011).

### A. Lack of Cooperation with Counsel.

Local Civil Rule 1.4 provides that a court may permit an attorney of record to withdraw a case "upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal...". Amongst the causes found by this Court to be a valid and sufficient basis for allowing withdrawal under Local Civil Rule 1.4 are lack of cooperation with counsel (*see, e.g., Callahan v. Consolidated Edison Co. of New York. Inc.*, No. 00 Civ. 6542 (LAK), 2002 WL 1424593, at 1 (S.D.N.Y. July 1, 2002); *Promotica of Am., Inc. v. Johnson Grossfield. Inc.*, No. 98 Civ. 7414, 2002 WL 4241 82, at 2-3 (S.D.N.Y Apr. 18, 2002) (attorney's motion to withdraw granted where client has "not communicated with counsel nor responded to his communications at this crucial juncture in the case." "[L]ack of cooperation by a client with its counsel, including lack of communication, is a sufficient reason for allowing withdrawal.") (citations omitted) non-payment of fees (*Hallmark Capital Corp.v. Red Rose Collection*, 96 Civ. 2839, 1997 WI, 661146 (Oct. 21, 1997); *Fischer v. Bitnan B?? Airlines*, 96.Civ.3120, 1997 WL 411446 at 1 (S.D.N.Y. July 18, 1997); and irreconcilable conflict (*Tufaro v. City of New York*, 94 Civ. 8655, 1996 WL 419912 at 1 (S.D.N.Y. July 25. 1996) (Withdrawal permitted on showing that "an irreconcilable conflict has developed between [counsel and client] regarding litigation strategy"); *McGuire v. Wilson*, 738 FP Supp. 83), 85 (S.D.N.Y. 1990) *see also Sansiviero v. Sanders*, 117 A.D.2d 794, 795, 499 N.Y.S.2d 431, 431 (2d Dep't 1986) (in "light of the irreconcilable differences between" counsel and his client "with respect to the proper course to be pursued by counsel in the litigation, the appellant's motion to withdraw as counsel for the plaintiff should have been granted").

Here, many of the above factors warranting dismissal are present in the instant action. First, where the client fails to "cooperate with counsel in the prosecution or defense of an action, by among other things, failing to communicate with counsel," it is well established that "an adequate basis" exists "upon which to permit an attorney to be released from the obligation of continuing to represent the attorney's client." *Callahan v. Consolidated Edison Co. of New York, Inc.*, No. 00 Civ. 6542(LAK(KNF), 2002 WL 1424593, 1 (S.D.N.Y. July 1, 2002. Since the inception of the case, Defendant Makhnevich and Defendant Dental have moved outside the jurisdiction whereby the exact location is unknown to Gerstman Schwartz & Wink, LLP. Additionally, there has been little to no contact whatsoever with Defendant Makhnevich. Gerstman Schwartz and Wink, LLP is unable to communicate with Defendant Makhnevich, impairing its inability to represent her. It has been over approximately 3 months since any contact has successfully made with Defendant Makhnevich and the only contact made within that time has been with Defendant Makhnevichs' assistant with whom conversations have been directed to. However, as attorney for Defendant Makhnevich and Defendant Dental we believe it inappropriate to have discussions regarding the subject matter of the action and strategy with anyone other than Defendant Makhnevich. Due to the inability to communicate with client, we have been unable to effectively and efficiently proceed in the action such as communications with opposing counsel, discovery deadlines, and document requests.

Moreover, Rule 1.16(c)(7) of the New York Rules of Professional Conduct expressly authorizes withdrawal when "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively. In the instant case, the client has refused to cooperate with counsel and, as a result, counsel has been unable to represent Defendant effectively in this action. Defendant Makhnevich

has closed its business in New York, closed its offices, and has not made herself available to respond to this matter. This basis alone is sufficient to permit withdrawal. See Bio Hi-Tech Co., Ltd. v. Comax, Inc., No. 07 CV 2260(RRM)(CLP), 2008 WL 3849554, 2 (E.D.N.Y. Aug. 18, 2008) (permitting withdrawal where among other things the client has "failed to communicate with [counsel][and] ha[s] not maintained contact" with counsel).

### B. Withdrawing at this stage of the litigation would not unduly disrupt the existing case schedule.

Where discovery has not yet closed and a case is not "on the verge of trial readiness," withdrawal of counsel is unlikely to cause either prejudice to the client or such substantial disruption to the proceedings as to warrant a denial of leave to withdraw. *Winkfield v. Kirschenbaum & Phillips, P.C.*, No. 12 Civ. 7424 (JMF), 2013 WL 371673, at 1 (S.D.N.Y. Jan. 29, 2013) (quoting *Blue Angel Films*, 2011 WL 672245, at 2); *accord Karimian v. Time Equities, Inc.*, No. 10 Civ. 3773 (AKH) (JCF), 2011 WL 1900092, at 3 (S.D.N.Y. May 11, 2011). Courts frequently grant motions to withdraw as counsel at equivalent, or even later, stages of litigation. *See, e.g., D.E.A.R. Cinestudi*, 2006 WL 1676485, at 1-2 (granting counsel's motion to withdraw due to lack of payment of fees where discovery was complete and trial was months away); *Spadola v. New York City Trans. Auth.*, No. 00 CIV 3262, 2002 WL 59423, at 1 (S.D.N.Y. Jan. 16, 2002) (allowing counsel to withdraw where discovery had been completed and client had not paid outstanding legal fees because client "would not be unduly prejudiced by his counsel's withdrawal at this stage of litigation."); *Promotica of America, Inc. v. Johnson Grossfield, Inc.*, No. 98 CIV. 7414, 2000 WL 424184, at 1-2 (S.D.N.Y. Apr. 18, 2000) (granting motion to withdraw where discovery was closed and case was ready for trial); *Cf. Furlow v. City of New York*, No. 90 Civ. 3956 (PKL), 1993 WL 88260, at 2 (S.D.N.Y. Mar. 22, 1993) (where document discovery was complete but depositions had not been taken, withdrawal permissible because

"this action is not trial ready and resolution of this matter will not be delayed substantially by counsel's withdrawal at this juncture").

Here, permitting withdrawal will in no way disrupt the existing case schedule or case prejudice to the client. A case management plan was submitted to the Court on April 26, 2013 setting the Scheduling Order of the Court. Therefore, discovery has just commenced and does not close until October 2013. Therefore, discovery is not even close to completion and a trial date has yet to be set. Therefore, this case is long from being trial ready and withdrawal will cause no disruption or prejudice.

### III. CONCLUSION

For all the foregoing reasons, Gerstman Schwartz & Wink, LLP respectfully requests that the Court enter an order permitting Gerstman Schwartz & Wink, LLP to withdraw from its representation of Defendant Makhnevich and Defendant Dental in this action. Additionally, there is no retaining or charging lien being asserted in this instant application.

Dated: June 7, 2013

                                                                 Respectfully Submitted,

                                                                 DAVID M. SCHWARTZ
                                                                 DS9776
                                                                1044 Northern Blvd. Suite 305
                                                                Roslyn, New York 11576
                                                                Phone: (516) 880-8170
                                                                Fax: (516) 880-8171
                                                                Dschwartz@gerstmanschwartz.com

                                                                Counsel for Defendants