Paul Alan Levy
Jehan A. Patterson
Public Citizen Litigation Group
1600 20th Street NW
Washington, D.C. 20009
(202) 588-7725 Telephone
(202) 588-7795 Facsimile
plevy@citizen.org
jpatterson@citizen.org

Bruce P. Keller
Jeffrey P. Cunard
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
(212) 909-6000 Telephone
(212) 909-6836 Facsimile
bpkeller@debevoise.com
jpcunard@debevoise.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------  x

ROBERT ALLEN LEE, individually       :
and on behalf of all others similarly situated,    :
      :
      Plaintiffs,       :
      :
v.       :     Civil Action No. 1:11-cv-08665-PAC
      :
STACY MAKHNEVICH *et al.*,       :
      :
      Defendants.       :

---------------------------------------------------------  x

## RESPONSE TO MOTION FOR LEAVE TO WITHDRAW

      David Schwartz and his law firm, Gerstman Schwartz Wink LLP, seek leave to withdraw as

counsel of record for Stacy Makhnevich and the corporate defendants, noting (without citing any

admissible evidence) that they have been unable to contact Makhnevich personally for three months,

although they acknowledge being in touch with Makhnevich's "assistant."  The motion raises as many questions as it answers, however, and defendants' counsel was not willing to speak with plaintiffs' counsel to answer those questions.

Withdrawal of counsel could prejudice plaintiffs by allowing defendant Makhnevich, who has violated her discovery obligations, to continue her pattern of thumbing her nose at the orderly prosecution of this class action.  Moreover, because counsel are being paid by defendants' insurance company, not by the out-of-contact Makhnevich, they cannot be prejudiced by having to remain as counsel at least until full Rule 26 disclosures have been made.  Accordingly, plaintiffs ask the Court to deny the motion to withdraw at the present time, and to compel defendants to provide their initial disclosures, as well as contact information for representatives of the corporate defendants. Defendants should also be required to provide documents identifying each member of the putative class who signed agreements with defendants similar to the agreement signed by plaintiff Lee that is the subject of this litigation.

**PROCEEDINGS TO DATE**

This lawsuit was brought as a class action after defendants, a dentist and the companies under whose names she maintained her dental practice, required all patients to sign agreements assigning the copyright in anything they might write about the dentist.  After plaintiff Robert Lee described his negative experience with defendants in postings on various web sites, defendants threatened to sue him, invoked the Digital Millennium Copyright Act to seek to have the comments removed, and sent him invoices purporting to charge him damages for the postings.  Lee Affidavit verifying complaint ¶¶ 16-30.  Lee then filed this action, seeking declaratory and injunctive relief against enforcement of the agreement, and also seeking to represent a class of similarly situated patients so

that each of defendants' patients could be free to criticize her without fear of having to pay statutory damages for trademark infringement.  Complaint ¶¶ 32–38 and page 18.

Defendants avoided service. The security guard at their office turned away a process server, claiming that Makhnevich was not in the office; at the same time, Makhnevich's office  continued to make appointments to see patients.  Document Numbers 3 and 4 ("DN 3, 4").

Once defendants were served, they secured financing for their defense under an insurance policy, Levy Affidavit Exhibit A, and filed a motion to dismiss, contending that there was no actual controversy because Makhnevich supposedly never meant to enforce the agreement that she had imposed on each of her patients.  DN 9. After that motion was denied, defendants agreed to a schedule for discovery, DN 27, but missed the deadline for initial disclosures.  Levy Affidavit ¶ 3. It was in response to inquiries about when defendants would provide initial disclosures that counsel for defendants first told plaintiffs' counsel that they had been unable to reach their client and might have to withdraw from representation.  *Id.* and Exhibit B.

Defendants' counsel then sent the Court a pre-motion letter stating that counsel would seek to withdraw from representation.  DN 30.  In a response sent by email, the Court pointed counsel to their obligation under Local Rule 1.4 both to establish the circumstances supporting withdrawal by affidavit or otherwise, and to serve their clients with that motion.  Levy Affidavit Exhibit C.   An attorney working for defendants' counsel, Natalie Campo, said that the firm had hired a private investigator to try to locate defendant Makhnevich, and further that counsel would be pursuing due diligence to ensure that they could make their best efforts to reach defendant Makhnevich at the most likely possible address.  Levy Affidavit ¶ 5.

Defendants' counsel have filed a motion for leave to withdraw, without any affidavit

establishing the basis for withdrawal, without any explanation for their failure to provide any initial disclosures, and without description of their efforts to find their clients or information about their clients' last known contact information. The memorandum supporting the motion (at 4) recites that counsel have been in contact with an unidentified individual who is characterized as "Defendant Makhnevichs' [sic] assistant." The motion papers do not represent that counsel's fees are not being paid, and, in fact, it appears that defendants' insurance continues to cover the attorney fees of defense counsel. Levy Affidavit ¶ 3. The motion is accompanied by an affidavit of service, DN 37, which avers that a copy of the papers were delivered in person to the office address where defendant Makhnevich and her companies maintain their practice, where they were received by one Luis Gavi who allegedly "verified that the intended recipient actually resides at this location." The affidavit further states that a copy of the papers was also mailed to that same address.

These papers raise as many questions as they answer.[1] First, it is unclear whether Makhnevich has truly left the jurisdiction. In previous communications with plaintiffs' counsel, Ms. Campo said that so far as her office was aware, defendant Makhnevich had moved out of New York, and that the last information defendants' counsel had was that she was in California, Levy Affidavit ¶ 5. Moreover, Makhnevich currently maintains a web site—www.stacymakhnevich.com—that solicits patients for "Concierge Dental Services" in the United States and in Europe, and that lists her address as being in Lille, France. Levy Affidavit, Exhibit F. However, a link below her photograph on the home page links to a page on the "America's Premier Experts" web site which

---

[1] On June 24, plaintiff' counsel contacted Mr. Schwartz by email, asking to speak with Mr. Schwartz to discuss questions similar to those posed in this memorandum. By email on June 25, Ms. Campo said that she would propose dates at times when Mr. Schwartz would be available for a telephone conference. However, as of the date of this opposition, defendants' counsel has not made himself available to confer about his motion. Levy Affidavit ¶¶ 6-7 and Exhibits D and E.

gives her address as being in New York, identifies her company as being defendant Southeast Dental
Suite, gives the email address management@212midtowndentist.com, and lists her web site as
http://www.212midtowndentist.com.  http://www.americaspremierexperts.com/directory/dr-stacy-
makhnevich.php.  Yet another link from the copyright notice on the home page leads to a page about
Makhnevich at the Health Grades web site, again giving her address as being in New York.
http://www.healthgrades.com/dentist/dr-stacy-makhnevich-y2gj4/background-check.  Under her
photograph on the "about" page is a link to Makhnevich's LinkedIn page, which describes her as
"Dentist   to   the   Stars   at   Lincoln   Square   Dental   Arts   of   Manhattan."
http://www.linkedin.com/pub/stacy-makhnevich/46/33b/4a2.  Even though defendants' counsel
represent in their brief that they believe that defendants no longer reside in New York, the affidavit
of service accompanying their motion recounts under oath that the process server delivered copies
of the papers to 405 Lexington Avenue, 69th floor —the address for Lincoln Square Dental Arts,
Complaint ¶ 10— and that the process server was told that "the intended recipient actually resides
at this location."  DN 37.

      Moreover, regardless of the whereabouts of Makhnevich herself, the corporate defendants
appear to remain in business.   The web site of defendant Lincoln Square Dental Arts,
http://www.212midtowndentist.com/, is still posted on the Internet, soliciting business, although the
pages no longer mention Makhnevich or feature her photograph.  Levy Affidavit Exhibit G.
Although the text of the page now gives the title of the practice as "Concierge Dental," the title of
the page that appears in the browser window is still "Lincoln Square Dental Arts of Manhattan."  *Id.*
As noted above, Makhnevich currently solicits patients for "Concierge Dental Services" on her web
site.  Exhibit F.  Moreover, the representation that Mr. Schwartz has been in contact with

Makhnevich's unidentified "assistant" suggests that one or more of the company defendants may continue in operation. The papers do not explain how Mr. Schwartz has concluded that none of the defendant companies named remain in operation, how the defendant companies are structured and thus why only defendant Makhnevich can speak for them, or who possesses their documents that are relevant to this litigation. There is, therefore, no reason to doubt that counsel could have provided initial disclosures.[2]

**ARGUMENT**

**Defendants' Counsel Have Not Shown a Proper Basis for Withdrawal as Counsel**.

Because defendant Stacy Makhnevich has stopped communicating with her counsel, and assuming that she has, in fact, fled the jurisdiction and completely shut down her business operations, plaintiffs must consider the possibility that the resolution of the case will be by default judgment followed by efforts to execute against any assets as well as collecting from her insurance carrier. Consequently, plaintiffs need to be sure that the requirements of Local Rule 1.4 are followed scrupulously, lest Makhnevich, her companies, or the insurance carrier attempt to attack the judgment as having been obtained in error. Protection against such collateral attack requires correction of several defects in Mr. Schwartz's motion.

First, he should be required to submit an affidavit in support of his motion. Rule 1.4 of the Local Rules of this Court requires a lawyer who desires to withdraw his appearance to make "a showing by affidavit or other satisfactory reasons for withdrawal." Although the rule, by its terms, uses "affidavit" only in the alternative, every one of the cases cited in Mr. Schwartz's motion refers

---

[2]We assume that counsel instructed their clients to institute a litigation hold, as required by *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 432 (S.D.N.Y. 2004).

to an affidavit from the lawyer showing the basis for the request to withdraw.  Mr. Schwartz has not presented any affidavit, only an unsworn brief that carries no evidentiary weight.  *Markowitz Jewelry Co. v. Chapal/Zenray*, 988 F.Supp. 404, 407 (S.D.N.Y. 1997).  Mr. Schwartz has not made any evidentiary showing supporting his motion for withdrawal.

The affidavit should be sufficiently detailed to allow the Court to conclude that Mr. Schwartz has properly served Makhnevich and the company defendants with the motion, as required by Local Rule 1.4.  The information that his office previously provided to plaintiffs' counsel indicated that Makhnevich is a fugitive from the jurisdiction in which she has been sued; however, a comparison of the web sites at 212midtowndentist.com and at stacymakhnevich.com suggests that, despite having possibly moved to France, she continues to solicit dental business in the United States under the new business name "Concierge Dental."  Yet without any further explanation, the affidavit of service shows only delivery to the office where, according to Mr. Schwartz, "defendant Makhnevich has . . . closed its [sic] offices . . .."  DN 34 at 4-5.  Mr. Schwartz should be required to explain why he has reason to believe that delivery to that office will provide each business entity, as well as Makhnevich herself, with the notice required by the rule.  He should also be directed to explain to Makhnevich that, having been served, having moved to dismiss without raising the issue of personal jurisdiction, and having answered the complaint, she is subject to the Court's jurisdiction and thus can be held liable by default even if she does not appear any further.  *E.g.*, *Beshansky v. First Nat. Entm't Corp.*, 140 F.R.D. 272, 274 (S.D.N.Y. 1990).

The motion to withdraw also leaves unanswered questions about representation of Makhnevich personally (as opposed to the companies through which she operates).  The Court should order Makhnevich to indicate promptly whether she has found substitute counsel or intends

-7-

to proceed pro se.

The company defendants, however, cannot appear pro se.  If Mr. Schwartz is, eventually, permitted to withdraw, business company defendants will be unable to defend themselves unless they obtain new counsel.  *Oscar De La Renta Ltd. v. Strelitz Ltd.*, 92 CIV. 3907(CES), 1993 WL 205150 (S.D.N.Y. June 7, 1993).  If the withdrawal occurs without new counsel promptly entering an appearance, the Court should enter a default judgment against the business company defendants immediately.  *See Bio Hi-Tech Co. v. Comax, Inc.*,  07 CV 2260(RRM)(CLP), 2008 WL 3849554, at *3 (E.D.N.Y.  Aug. 18, 2008) (in case cited by Mr. Schwartz as granting leave to withdraw, Mem. at 5, court issued default judgment rather than ruling on withdrawal).  The Court should direct Mr. Schwartz to explain that reality to Makhnevich and to anybody else that he can identify as being connected to the companies.

Third, although plaintiffs may be compelled to seek a default judgment against defendants and then seek to recover any monetary relief on the insurance policy, as well as any assets of Makhnevich herself, monetary relief alone would not completely protect the as-yet-unidentified members of the class, who should get notice that the copyright and non-disparagement agreement that defendants exacted from them is no longer valid, and that they are free despite that agreement to criticize Makhnevich if they desire to do so.  Consequently, defendants' counsel should not be permitted to leave the case until they provide information needed to bring their absconding clients to justice, including information identifying each of the former patients who were victimized by the wrongful behavior alleged in the complaint.

In that regard, although fairness to defendants and their counsel are important considerations in determining whether to allow withdrawal of counsel, the Court should also "consider 'the posture

of the case' and whether 'the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel.'" *Winkfield v. Kirschenbaum & Phillips*, 2013 WL 371673, *1 (S.D.N.Y. 2013), quoting *Whiting v. Lacara*, 187 F.3d 317, 320–21 (2d Cir.1999).   Prejudice to the opposing party, and negative impact on the Court's own calendar, are also proper considerations in decided whether to allow withdrawal.  *Emile v. Browner*, 95 CIV. 3836(SS)(THK), 1996 WL 724715 (S.D.N.Y. Dec. 17, 1996), citing *Beshansky v. First Nat'l Entertainment Corp.*, 140 F.R.D. 272, 274 (S.D.N.Y.1990) (because plaintiffs have an interest in moving the case toward completion, restrictions imposed on defendants and their counsel as condition of withdrawal).

Plaintiffs' prosecution of this action would be substantially disrupted if defense counsel are allowed to withdraw without providing information sufficient to allow plaintiffs to continue their pursuit of Makhnevich and the company defendants.  The motion to withdraw was precipitated by the passing of the deadline to make initial disclosure.  In *Rophiel v. Aiken Murray Corp.*, 1996 WL 306457 (S.D.N.Y. June 7, 1996), the court denied a motion to withdraw because of concerns with litigation delay, and noted that it would be "too easy for a defendant to stall proceedings by inducing the withdrawal of its attorney by non-payment of fees," *id.* at 2, *quoted with approval in Whiting v. Lacara*, 187 F.3d at 320–21.  In several cases, courts have conditioned withdrawal of counsel on the completion of discovery obligations.  *Cosgrove v. Fed. Home Loan Bank of New York*, 90 CIV. 6455 (SHS) (AJP), 1995 WL 600565 (S.D.N.Y. Oct. 12, 1995);  *Beshansky v. First Nat'l Entertainment Corp.*, 140 F.R.D. 272, 274 (S.D.N.Y.1990). *See also  Emile v. Browner*, 1996 WL 724715, at *2 (recognizing discretion to impose that condition); *Furlow v. City of New York*, 1993 WL 88260 (S.D.N.Y. 1993), cited at page 5 of Mr. Schwartz's brief, where the court authorized withdrawal only after it was satisfied that document discovery was complete.  Before his motion for leave to

withdraw can be considered, Mr. Schwartz should be required to furnish initial disclosures for his clients, including provision of all documents identified in the initial disclosures, all past and present contact information for Makhnevich and the companies, all reports from his investigator about the whereabouts of Makhnevich and the company defendants, complete contact information for the Makhnevich assistant with whom he has been communicating, and any information he may have regarding the ownership and control of the company defendants.  *See also SEC v. Pentagon CapitalMgmt.*, No. 08-Civ.-3324, 2012 WL 3065981, at *3 (S.D.N.Y. July 25, 2012) (withdrawal permitted only after counsel answered post-judgment interrogatories); *Koon Chun King Kee Soy & Sauce Factory v. Kun Fung USA Trading Co.*, 2009 WL 605786 (E.D.N.Y. Mar. 9, 2009) (withdrawal permitted only after counsel provided defendants' last-known addresses and telephone numbers).[3]

For these reasons, plaintiffs urge the Court to impose the following conditions on the withdrawal of defendants' counsel.

1.  Counsel should be required to show, by affidavit, the factual basis that supports the reasonable grounds for withdrawal.  The affidavit should address with specificity (a) the structure, ownership and control of the company defendants, (b) the reasons why Mr. Schwartz believes that

---

[3]One of the major reasons for allowing withdrawal on which the cases cited in Mr. Schwartz's brief relies is the failure of the clients to meet their financial obligations under a retainer agreement.  *E.g., D.E.A.R. Cinestudi v. International Media Films*, No. 03 Civ. 3038(RMB), 2006 WL 1676485 (S.D.N.Y. June 16, 2006); *Promotica of America v. Johnson Grossfield*, No. 98 Civ. 7414, 2000 WL 424184 (S.D.N.Y. Apr. 18, 2000); *McGuire v. Wilson*, 735 F. Supp. 83 (S.D.N.Y. 1990).  However, Mr. Schwartz does not contend that he is not being paid, and Makhnevich's insurance company previously noted that it was providing defendant Makhnevich with the cost of her defense, although apparently reserving the issue of coverage.  Levy Affidavit ¶¶ 2-3 and Exhibit A.  So far as plaintiffs are aware, such payments continue.  Because defense counsel are being paid, they cannot contend that requiring them to complete their obligations as counsel for defendants will prejudice them unduly.

the company defendants are no longer operational, (c) the efforts made to locate Makhnevich and the companies, (d) all past and present contact information for Makhnevich and the companies, (e) how Mr. Schwartz has explained to his clients the consequences of withdrawal, (f) the identity and contact information of the Makhnevich "assistant" described in the brief and of any other individuals connected with the business companies, and (g) the identity and contact information of Mr. Schwartz's investigator.

2.    Counsel should be required to furnish initial disclosures for defendants, including copies of all documents identified in the disclosures, and should specifically be required to provide any organizational documents for the business entities, as well as copies of copyright-assignment agreements signed by other patients and contact information for those patients, so that proper notice can be given to those patients of any orders entered by the Court in connection with the class action aspects of the case.  Counsel should also be required to produce all reports from his investigator regarding Makhnevich or the company defendants.

3.    Withdrawal as counsel for the company defendants should be conditioned on entry of appearance for the entities by other attorneys; absent timely appearance by new attorneys, the Court should enter default judgment against the companies.   Makhnevich should be ordered to indicate promptly whether she has found substitute counsel or intends to proceed pro se; absent a response to this part of the order, the Court should enter default judgment against her as well.

## CONCLUSION

The Court should deny the motion to withdraw for now, and enter an order establishing conditions for further consideration of that motion.

Respectfully submitted,

-11-

  /s/ Paul Alan Levy
Paul Alan Levy
Jehan A. Patterson

  Public Citizen Litigation Group
  1600 20th Street NW
  Washington, D.C. 20009
  (202) 588-1000 (voice)
  (202) 588-7795 (facsimile)
  plevy@citizen.org
  jpatterson@citizen.org

  /s/ Bruce P. Keller
Bruce P. Keller
Jeffrey P. Cunard

  DEBEVOISE & PLIMPTON LLP
  919 Third Avenue
  New York, New York 10022
  (212) 909-6000 (voice)
  (212) 909-6836 (facsimile)
  bpkeller@debevoise.com
  jpcunard@debevoise.com

  Attorney for Plaintiffs

July 8, 2013

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Opposition will have been delivered on this date by the

Court's ECF system to counsel for defendants as follows:


David Schwartz, Esquire
Gerstman, Schwartz & Wink
Suite 302
1044 Northern Blvd.
Roslyn, New York 11576
dschwartz@gothamgr.com




   /s/ Paul Alan Levy     
Paul Alan Levy

Public Citizen Litigation Group
1600 20th Street NW
Washington, D.C. 20009
(202) 588-1000
plevy@citizen.org

Attorney for Plaintiffs

July 8, 2013