PUBLIC CITIZEN LITIGATION GROUP

1600 20TH STREET, N.W.

WASHINGTON, D.C 20009-1001

(202) 588-1000



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8-1-13

BY EMAIL: CrottyNYSDChambers@nysd.uscourts.gov

July 31, 2013

Honorable Paul A. Crotty
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

    Re:    *Lee v. Makhnevich*, No. 11 cv 8665 (PAC) – Proposed motion for stay

Dear Judge Crotty:

    A non-party to the litigation, Physician's Reciprocal Insurers ("PRI"), has indicated that it wishes to move for a stay of this litigation pending the resolution of a separate lawsuit that it has apparently brought. In that action, PRI has sued Stacy Makhnevich and North East Dental, P.C., as well as our client, Robert Allen Lee, and various unrelated parties who have claims against Makhnevich and North East Dental, seeking a declaration that it has no legal responsibility to defend or indemnify them. As explained below, the motion is premature, and in any event granting a stay would not be appropriate.

    The proposed motion is premature because PRI is not a party to this litigation. Just as, for example, a non-party that wants to modify a protective order to get access to sealed documents must file a motion for leave to intervene, *see In re Agent Orange Product Liability Litigation*, 821 F.2d 139 (2d Cir. 1987), so too must this non-party if it wants to file a motion in this case. We have asked PRI's counsel to explain the legal authority for a non-party to file a motion for a stay in federal court, but counsel has not provided any such legal basis.

    Moreover, although we have been told that an action has been filed in New York Supreme Court, so far as we have been able to determine Lee has not been served; there is also reason to question whether Lee, a citizen of Maryland, is subject to personal jurisdiction in that litigation. And because PRI has not sought a declaratory judgment against the putative plaintiff class, it is not at all clear how useful the declaratory judgment that it seeks will be to PRI.

    In any event, a further delay in this litigation would be unfair to Lee and to the putative class, who filed their action eighteen months ago, and have already been delayed in their quest for justice because defendants avoided service, filed a meritless motion to dismiss, and then violated discovery deadlines. The issues that PRI seeks to litigate—PRI's defense and indemnity obligations—have

Honorable Paul A. Crotty
*Lee v. Makhnevich*, No. 11 cv 8665 (PAC)
July 30, 2013
page 2

nothing to do with the issue in this proceeding, which is Makhnevich's liability. Although, after judgment is entered, plaintiffs may seek to claim against the insurance policy to satisfy any judgment, no judgment in this litigation will prejudice PRI's contention that it is not obligated to provide indemnification (and because Lee does not yet have a copy of the insurance policy, he is in no position to assess whether he has a claim in that regard). Neither would a judgment in this litigation prejudice PRI's claim that it is not obligated to pay for Makhnevich's defense, especially given the fact that Makhnevich's counsel are seeking to withdraw because Makhnevich has chosen not to cooperate in her defense. On the other hand, plaintiffs will need to claim against any other assets that defendants may have; any further delays in the litigation will inevitably make it harder to identify and execute against such assets.

Additionally, PRI apparently seeks a declaration of its rights vis-à-vis Makhnevich and one of the business entity defendants, North East Dental, P.C. Given the lack of discovery, we do not even know how the other entity defendants are related to that company.

In short, any stay of the litigation would be inequitable. Plaintiffs urge the Court to deny PRI's request for a pre-motion conference.

Respectfully yours,

__/s/ Paul Alan Levy__
Paul Alan Levy

ec:   Bruce P. Keller, Esquire
      David Schwartz, Esquire
      Gabriel Mignella, Esquire